UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MATTHEW SULLIVAN,

    Plaintiff,

v.

NATIONWIDE RECOVERY SERVICE,
a Foreign Profit Corporation,

    Defendant.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MATTHEW SULLIVAN, ("SULLIVAN" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, NATIONWIDE RECOVERY SERVICE, a Foreign Profit Corporation ("NRS" or "Defendant"), and states as follows:

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72, *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District, where Plaintiff resides in this District, and where Defendant transacts business in this District.

### PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of Florida,

County of Miami-Dade.

5. Defendant is a Foreign Corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and as defined by the FCCPA.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and as defined by the FCCPA.

## FACTUAL ALLEGATIONS

7. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

8. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

9. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

10. On August 31, 2015, in connection with the collection of an alleged debt, Defendant sent to Plaintiff written correspondence alleging an outstanding debt in the amount of $275.99 arising from medical services previously provided to Plaintiff by the original creditor, Sheridan E.R. Physicians of South Dade. A true and correct copy of Defendant's letter dated August 31, 2015, is attached hereto as Exhibit "A."

11. On August 27, 2015, however, Sheridan E.R. Physicians of South Dade had

already cashed or deposited Plaintiff's check in the amount of $65.00 in partial payment of the alleged debt. A true and correct copy of this canceled check is attached hereto as Exhibit "B."

12. On September 8, 2015, Defendant sent to Plaintiff written correspondence acknowledging Plaintiff's payment of $65.00, discussed in paragraph 11, *supra*, and confirming that Defendant's letter dated August 31, 2015, discussed in paragraph 10, *supra*, had attempted to collect an amount greater than was actually owed. A true and correct copy of Defendant's letter dated September 8, 2015, is attached hereto as Exhibit "C."

13. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior, Plaintiff suffered, and continues to suffer, injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish, and/or emotional distress.

## COUNT I - VIOLATION OF THE FDCPA
## AT 15 U.S.C. § 1692e(2)(A)

14. Plaintiff re-alleges and reavers paragraphs 1 through 13 of the Complaint, as if fully set forth herein.

15. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) And awarding Plaintiff such other and further relief as this Court may deem just and proper.

## COUNT II - VIOLATION OF THE FDCPA
## AT 15 U.S.C. § 1692e(10)

16. Plaintiff re-alleges and reavers paragraphs 1 through 13 of the Complaint, as if fully set forth herein.

17. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and/or deceptive means to collect or attempt to collect an alleged debt from Plaintiff or to obtain information concerning Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment or post-judgment interest as may be allowed under the law;

    f) And awarding Plaintiff such other and further relief as this Court may deem just and proper.

## COUNT III - VIOLATION OF THE FDCPA
### AT 15 U.S.C. § 1692f(1)

18. Plaintiff re-alleges and reavers paragraphs 1 through 13 of the Complaint, as if fully set forth herein.

19. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement, if any, creating the debt or permitted by law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) And awarding Plaintiff such other and further relief as the Court may deem just and proper.

## COUNT IV - VIOLATION OF THE FCCPA
### AT Fla. Stat. § 559.72(9)

20. Plaintiff re-alleges and reavers paragraphs 1 through 13 of the Complaint, as if fully set forth herein.

21. Defendant violated the FCCPA at Fla. Stat. § 559.72(9) by claiming, attempting,

and/or threatening to enforce a debt when Defendant knew that the debt was not legitimate, or asserting the existence of some other legal right when Defendant knew that the right did not exist.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00 pursuant to Fla. Stat. § 559.77(2);

d) Plaintiff's reasonable attorneys' fees and costs;

e) Any other relief that this Court deems just and proper.

## JURY DEMAND

22. Plaintiff demands trial by jury of all issues so triable as a matter of right.

Dated: November 23, 2015.

Respectfully submitted,

_____
RICHARD CELLER, ESQ.
Florida Bar No.0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866)344-9243
Facsimile: (954)-337-2771
E-mail: richard@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*